**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| VALERIE VENECIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-740-RGJ |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Walgreen Co. ("Walgreens"), by counsel, removes to this Court the action brought by Plaintiff, Valerie Venecia ("Venecia"). In support, Walgreens states:

1.     On or about November 8, 2021, Venecia filed a civil action against Walgreens in the Jefferson County Circuit Court, 21-CI-006338. Copies of the summons and complaint are attached as Exhibit A, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, or orders served on Walgreens in this action.

2.     Walgreens was served with the complaint on November 12, 2021, a date less than thirty (30) days before the filing of the Notice of Removal.[1]

**I.     Diversity Jurisdiction Exists.**

3.     This action is properly removable under 28 U.S.C. § 1441(a), because the U.S. District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides the following: "The district court shall have original jurisdiction of all civil actions where the matter

---

[1] Technically, 30 days following the service of the complaint was Sunday, November 12, 2021; therefore, the deadline for removal was "the end of the next day which is not" a Saturday, Sunday, or legal holiday. Fed.R.Civ.P. 6(a). In this case, that day is November 13, 2021. *Miller v. Occidental Chem. Corp.*, No. CIV.A. 105CV124R, 2005 WL 2406102, at *2 (W.D. Ky. Sept. 28, 2005).

in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

. . . citizens of different states . . . ."

> **A.      The amount in controversy exceeds $75,000.**

4.      This is an action to recover damages for alleged violations of the Kentucky Civil

Rights Act, KRS 344.010, et seq. ("KCRA").

5.      Walgreens denies liability and denies Venecia's assertions of damages. Venecia's

Complaint does not plead a specific amount in controversy in excess of the jurisdictional amount

required under 28 U.S.C. § 1332. Based upon Venecia's allegations, however, the amount in

controversy is more than $75,000, exclusive of interests and costs.

6.      In seeking removal, Walgreens must show it is more likely than not the amount in

controversy exceeds $75,000, exclusive of interests and costs. *Williamson v. Aetna Life Ins. Co.*,

481 F.3d 369, 375 (6th Cir. 2007). "The preponderance standard is a moderate burden that balances

the defendant's right to remove and the federal interest in limiting diversity jurisdiction. It does

not place upon the defendant the daunting burden imposed by the legal certainty test, to research,

state, and prove the plaintiff's claim for damages." *Garrett v. State Auto Prop. & Cas. Ins. Co.*,

No. 3:09-CV-404-S, 2009 WL 5125812, at *1 (W.D. Ky. Dec. 21, 2009) (citing *McCraw v. Lyons*,

863 F.Supp. 430, 434 (W.D.Ky.1994)).

7.      28 U.S.C. § 1446(c)(2)(A)(ii) provides that a Defendant may assert the amount in

controversy if state practice "either does not permit demand for a specific sum or permits recovery

of damages in excess of the amount demanded."  Such is the case in Kentucky, as "Kentucky Rule

of Civil Procedure 8.01(a) only allows for a 'short and plain statement . . . showing that the pleader

is entitled to relief'" and, therefore, even if a plaintiff were to include an "exacting statement in

her Complaint" concerning the amount in controversy, it would not be "procedurally proper, and

could be ignored or amended at a later time in these proceedings." *Cook v. Estate of Moore*, No. 3:12-cv-485, 2012 U.S. Dist. LEXIS 157486, at *2–3 (W.D. Ky.  Nov. 2, 2012)*; see also Carneal v. Travelers Casualty Ins. Of America*, No. 5:12-cv-00174, 2013 WL 85148, at *2 (W.D. Ky. Jan. 7, 2013), ("Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings").  As set forth below, it is more likely than not that the amount in controversy exceeds $75,000.

8.        In Venecia's complaint, Venecia claims (1) Walgreens retaliated against Venecia in violation of the KCRA; and (2) Walgreens discriminated against her on the basis of her race in violation of the KCRA. Exhibit A, Compl. ¶¶ 8–11.

9.        Venecia seeks compensatory damages, including, but not limited to, damages for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, embarrassment, as well as punitive damages,[2] statutory attorney's fees, costs, expenses, and statutory interest. Exhibit A, Compl. Prayer for Relief.

10.       Under Ky. Rev. Stat. § 344.050, a person who proves discrimination may recover actual damages, attorney's fees, and costs. "Actual damages" includes compensatory damages for emotional distress, humiliation, personal indignity, and other intangible injuries. *See Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). Actual damages also may include front pay. *See Brooks v. Lexington-Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 806 (Ky. 2004).

11.       The KCRA specifically provides for the recovery of attorney's fees, and, as a result, attorney's fees may be included in determining the amount in controversy for removal purposes. *See* Ky. Rev. Stat. § 344.450; *see also Williamson*, 481 F.3d at 377 (holding statutorily authorized

---

[2] While the compensatory damages, statutory attorney's fees, costs, expenses, and statutory interest sought by Plaintiff are above $75,000, it is important to note that Plaintiff is not entitled to punitive damages under the KCRA. *See Kentucky Department of Corrections v. McCullough*, 123 S.W.3d (Ky. 2003)

attorney's fees may be considered for purposes of establishing the amount in controversy for diversity jurisdiction); *Parrigin v. Pfaff Indus. of Am., Inc.*, No. 1:06-CV-160-R, 2006 WL 3759585, at *1, *3 (W.D. Ky. Dec. 19, 2006) ("KRS 344.450 provides for an award of reasonable attorney fees. When a state statute mandates the award of attorney fees, the attorney fees should be considered to determine whether the amount in controversy is sufficient to establish jurisdiction").

12.     Given the types of damages Plaintiff seeks, the potential to recover damages for back pay, front pay, and emotional distress, as well as her ability to recover attorney's fees, the amount in controversy exceeds $75,000, exclusive of interests and costs.

**B.      Complete diversity of citizenship exists between the parties.**

13.     Venecia is a citizen of Kentucky.  Exhibit A, Compl. ¶ 1.

14.     Walgreens is an Illinois corporation with its principal place of business in Illinois. Thus, Walgreens is a citizen of Illinois under 28 U.S.C. § 1332.

15.     Complete diversity of citizenship exists, and this case is removable under 28 U.S.C. § 1441(b).

**II.      Removal Is Timely**

16.     On November 12, 2021, Defendant was first served with a copy of the Summons and Complaint, which are the only process, pleadings or orders served on Defendant in the instant action currently pending in Jefferson County Circuit Court, Civil Action No. 21-CI-006338.

17.     This Notice of Removal is being filed within thirty days after Defendant's receipt of a copy of the Complaint and Summons and is timely filed under 28 U.S.C. § 1446(b).

18.     In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal are being served upon Plaintiff, and will be filed with the Clerk of the Jefferson County Circuit Court. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

WHEREFORE, Defendant, Walgreen Co., removes this action from state court to this Court.

Dated December 13, 2021

Respectfully submitted,

**OGLETREE DEAKINS NASH**
 **SMOAK & STEWART, P.C.**

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie, KY BPR #097123
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219
Phone: (615) 687-2223
jennifer.rusie@ogletree.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, the foregoing was served via email upon the following:

Kurt A. Scharfenberger
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
(502) 561-0777 (phone)
(502) 236-0888 (fax)
Kurt@Scharfenberger-law.com

*Counsel for Plaintiff*

*/s/ Jennifer S. Rusie*