UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VALERIE VENECIA                                                                                                 Plaintiff

v.                                                                                        Civil Action No. 3:21-cv-740-RGJ

WALGREENS.COM                                                                                                Defendant

\* \* \* \* \*

## ORDER

Plaintiff Valerie Venecia ("Venecia") sued Walgreens.com ("Walgreens"), in Jefferson County Circuit Court alleging racial discrimination and retaliation in violation of the Kentucky Civil Rights Act, KRS Chapter 344 ("KCRA"). [DE 1-1 at 8]. Walgreens removed to this Court on diversity of citizenship jurisdiction. [DE 1 at 1-2]. The parties filed a Joint Stipulation for Remand. [DE 6]. The matter is ripe. Having considered the parties' filing and applicable law, the Court **GRANTS** the parties request to remand. [DE 6].

## DISCUSSION

### A. Standard of Review

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable*

1

*Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is master of the claim, a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers*, 230 F.3d at 872.

### B. Joint Stipulation

Courts in this District have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this District have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins*, 2018 WL 6728571, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than

a reduction, and the case may be remanded."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009).

In the parties post-removal Joint Stipulation For Remand [DE 6], the parties agree that the amount of controversy is less than $75,000 and that plaintiff will neither seek nor accept damages equal to or greater than $75,000. [DE 6 at 22]. As there has been no discovery and Ky. R. Civ. P. 8.01 prevents a statement in the complaint, this post-removal stipulation is a clarification of the amount in controversy rather than a reduction. *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman*, 2017 WL 6544826, at *1; *Tankersley,* 33 F. Supp. 3d 775, 780.

The parties have the right to make a post-removal stipulation to clarify, or for the plaintiff to assert, that she will not seek or accept an award greater than that amount. *Agri-Power*, 2013 WL 3280244, at *3. This result follows the well-established principle that "federal courts are courts of limited jurisdiction, [and] any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court," *Tankersley*, 33 F. Supp. 3d at 777, as well as the notion that the plaintiff is the "master of the claim," *Jenkins*, 2018 WL 6728571, at *4. Accordingly, the parties' stipulation is a clarification that the amount in controversy is below the jurisdictional threshold.

2. **Unequivocal**

Further, to remand the parties' post-removal stipulation must be "unequivocal." *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment — [t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe*, 566 F. App'x at 781. "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found

3

to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5. Given that the parties incorporate the "seek nor accept" language in this post-removal stipulation, it is an unequivocal statement that limits Plaintiff's damages. [DE 6 at 22].

Both Kentucky federal and state courts have recognized that plaintiffs are prevented from later taking an inconsistent position to one previously advocated, i.e., following a post-removal stipulation of damages. *See, e.g.*, *Spence v. Centerplate*, 931 F. Supp.2d 779, 782 (W.D. Ky. 2013); *Tankersley.*, 33 F. Supp. 3d at 780-81; *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759, 763 (Ky. App. 2001) (quoting *Reynolds v. Comm'r*, 871 F.2d 469, 472-73 (6th Cir. 1988)). "While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand." *Emmitt v. Elmington Prop. Mgmt., LLC*, No. 3:17-CV-00706-GNS, 2018 WL 2011932, at *3 (W.D. Ky. Apr. 30, 2018) (quoting *Jester v. Kenco Logistics Servs., LLC*, No. 3:13-CV-385-S, 2013 WL 6072994, at *2, 2013 U.S. Dist. LEXIS 163437, at *5 (W.D. Ky. Nov. 15, 2013)). Plaintiff is admonished that any attempt to void the pledge memorialized in her stipulation may be considered sanctionable conduct and may justify re-removal. *See, e.g.*, *Jefferson v. Hyatt Corp. of Delaware,* No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *5 (W.D. Ky. Apr. 10, 2015); *Jester*, 2013 WL 6072994, at *2; *Van Etten v. Bos. Sci. Corp.,* No. 3:09CV-442-H, 2009 WL 3485909, at *2 (W.D. Ky. Oct. 23, 2009) ("Should counsel or Plaintiff attempt to void this commitment . . . this should be dealt with the utmost severity.").

Because the parties' stipulation is an unequivocal clarification of the amount in controversy, the threshold requirement of 28 U.S.C. § 1332(a) is not satisfied. The Court thus lacks jurisdiction over the matter, and the case must be remanded.

## CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** the parties request to remand [DE 6] be **GRANTED.** This matter is **STRICKEN** from the Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

January 5, 2022

cc: Jefferson Circuit Court